UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF RICHARD P. LIEBOWITZ | Case No. 19-mc-80228-JD<br><br>**ORDER** |

This order resolves Attorney Liebowitz's Motion to "Correct or Otherwise Vacate the Court's Order, Dated October 7, 2019 Respecting Use of the Term 'Disbarment.'" Dkt. No. 5.

Liebowitz's motion is correct in one sense: he cannot be "disbarred" from a bar to which he was never admitted in the first place. Liebowitz has falsely held himself out as a member of this Court's bar on multiple occasions. He did so in this very matter, stating in pertinent part in his response to the Order to Show Cause: "My membership in the bar of the United States District Court for the Northern District of California should not be terminated." Dkt. No. 2 ¶ 1.

Liebowitz has also filed a number of cases here as though he were a member in good standing. He filed the complaints in *Chevrestt v. SFG Media Group, LLC*, Case No. 19-cv-4826-EJD, and *Singer v. Pixel Labs, Inc.*, Case No. 19-cv-4753-LHK, as the sole attorney for plaintiffs, and he did not in those cases apply for admission to the bar on a pro hac basis. He filed complaints in other cases -- for example, *Zlozower v. Amoeba Music Inc.*, Case No. 19-cv-4701-PJH; *Tabak v. ABS-CBN International*, Case No. 19-cv-5202-YGR; *Parisienne v. Gatechina, Inc.*, Case No. 19-cv-4827-CRB, and *Harbus v. B3 Media, LLC*, Case No. 19-cv-4829-JST -- without

1  filing pro hac vice applications until the Court issued the Order to Show Cause, Dkt. No. 1, in this
2  matter.
3        As Liebowitz knows, he has never been admitted as a member of the bar of this District.
4  He has falsely held himself out and acted as though he were a member on many occasions, but in
5  fact never has been a member, and is not currently admitted. Liebowitz is ordered to stop any
6  further misrepresentation, whether express or implied, that he is a member in good standing of the
7  bar of this District.
8        The unprofessional and blameworthy conduct Liebowitz has shown here is consistent with
9  the extensive public record of discipline he has amassed in courts across the United States. This
10 record exacerbates the unacceptable conduct Liebowitz has engaged in this District, and
11 establishes good grounds for doubting that Liebowitz should be permitted to practice in this
12 District even on a pro hac vice basis. For pro hac vice admission, Local Rule 11-3(a) requires that
13 the applicant certify under oath that "he or she is an active member in good standing of the bar of a
14 United States Court or of the highest court of another State or the District of Columbia," and that
15 he "agrees to abide by the Standards of Professional Conduct set forth in Civil L.R. 11-4 . . . ."
16 The Court notes that Rule 11-4(a) requires, among other things, that "any attorney permitted to
17 practice in this Court under Civil L.R. 11 must . . . [p]ractice with the honesty, care, and decorum
18 required for the fair and efficient administration of justice" and "[d]ischarge his or her obligations
19 to his or her client and the Court." Rule 11-3(b) provides that unless "authorized by an Act of
20 Congress or by an order of the assigned judge, an applicant is not eligible for permission to
21 practice pro hac vice if the applicant . . . [i]s regularly engaged in the practice of law in the State of
22 California."
23       An application to appear pro hac vice is to be decided by each individual judge to whom
24 any such application is made. But to aid the judges of this District in ruling on any applications
25 made by Liebowitz, he is ordered to submit a copy of this Order in every open case in this District
26 //
27 //
28 //

in which he has been admitted pro hac vice, and to provide a copy of this Order with every future pro hac vice application he may file in this District between June 13, 2020, and June 13, 2021.

**IT IS SO ORDERED.**

Dated: June 12, 2020

JAMES DONATO
United States District Judge

3